UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR THE MICHIGAN CARPENTERS' COUNCIL PENSION FUND, TRUSTEES FOR THE MICHIGAN CARPENTERS' COUNCIL HEALTH CARE FUND, and TRUSTEES FOR THE MICHIGAN CARPENTERS' COUNCIL APPRENTICESHIP AND TRAINING FUND,

    Plaintiffs,

v.

K & S FACILITIES MANAGEMENT CONSULTANTS, INC., a Michigan corporation d/b/a K & S CONSTRUCTION SERVICES, and d/b/a QUALITY HOME DESIGNS,

    Defendant.

                                           /

Case No. 4:06-CV-9

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiffs Trustees for the Michigan Carpenters' Council Pension Fund, Trustees for the Michigan Carpenters' Council Health Care Fund, and Trustees for the Michigan Carpenters' Council Apprenticeship and Training Fund's Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).[1] On February 3, 2006, Plaintiffs

---

[1] Technically, Plaintiffs have not brought their motion pursuant to a particular subsection of Rule 55, or for that matter, even referenced Rule 55 by name. The Court, however, believes the Motion is properly grounded in Rule 55(b)(2) even though Plaintiffs' Motion states they are seeking a sum certain. *See* FED. R. CIV. P. 55(b)(1). Plaintiffs' Motion is clearly directed to the Court instead of the Clerk, and thus, the Court finds their Motion arises solely within the purview of Rule 55(b)(2).

served Defendant K & S Facilities Management Consultants Inc. a copy of their Complaint and Summons in this matter. Observing that Defendant failed to timely appear, plead, or otherwise defend itself, Plaintiffs applied for default on March 22, 2006. The Clerk entered default the next day, which consequently established Defendant's liability for the well-pled allegations in Plaintiffs' Complaint. FED. R. CIV. P. 8(d); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). The remaining task is the entry of default judgment.

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. Rule 55(b) provides in pertinent part that judgment by default may be entered as follows:

> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein . . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

Rule 55(b)(2) does not set forth a standard to be applied in determining when a party is entitled to a judgment by default. The case law makes clear, however, that the Court is to exercise "sound judicial discretion" in determining whether a default judgment should be entered. 10A CHARLES

ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2685 (3rd ed. 1998) (citing cases).

Plaintiffs' Complaint charges Defendant with liability under the Employee Retirement Security Act of 1974 for failing to make mandatory contributions to Plaintiffs' trust fund, which Plaintiffs established to provide welfare and retirement benefits for their participants.  Plaintiffs recite Defendant's unpaid contributions to be $91,503.25, in addition to audit costs and penalties totaling $16,542.11.  Thus, Plaintiffs seek to recover $108,045.36 in their Complaint.  Plaintiffs' Motion for Entry of Default Judgment also requests an award of attorney's fees and costs totaling $3,005.00, *see* 29 U.S.C. § 1132(g)(2)(D), and liquidated damages equal to 20 percent of the unpaid contributions (which is $18,300.65).  *See* 29 U.S.C. § 1132(g)(2)(C)(ii).  Summed, Plaintiffs seek a default judgment of $129,351.01.

Plaintiffs have established that Defendant has not made contributions (in addition to audit costs and penalties) in the amount $108,045.36 by submission of their payroll auditor's audit of Defendant's payroll records from January 2002 through November 2005.  (*See* Pls.' Compl., Ex. 1). The Court accepts these computations of delinquent contributions as correct and will award Plaintiffs $108,045.36.  Turning to Plaintiffs' request for attorney's fees and costs, the Court recognizes that it must review such requests under the lodestar approach. *Bldg Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).  "In applying the lodestar approach, '[t]he most useful starting point . . . is the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In support of their request for attorney's fees and costs, Plaintiffs' counsel submitted by affidavit a description of the services he provided in this matter, along with an individualized breakdown of the amount of time expended on each task and the total number of hours worked (15.60 hours). Plaintiffs' counsel represents his hourly rate to be $175, which yields a total attorney's fee of $2,730. Plaintiffs also attribute their costs of maintaining this action to be $275. Upon review, the Court believes both amounts requested are reasonable and no factors suggest that either amount should be altered. *Id.* at 1402 (citing *Hensley*, 461 U.S. at 434); *Reed v. Rhodes*, 179 F.3d 453, 471 & n.3 (6th Cir. 1999) (court may adjust the lodestar amount based on the twelve factors articulated in *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Thus, the Court will award Plaintiffs $3,005 in attorney's fees and costs.

Concerning Plaintiffs' request for liquidated damages equal to 20 percent of the unpaid contributions under 29 U.S.C. § 1132(g)(2)(C)(ii), the Court observes that a fiduciary is only entitled to such a bounty when expressly provided for under the terms of the trust documents.[2] *See Bricklayers Pension Trust Fund v. Rosati Inc.*, 187 F.3d 634, 1999 WL 503501, at *2 (6th Cir. July 7, 1999) (unpublished table decision referencing *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers Inc.*, 933 F.2d 376, 389-90 (6th Cir. 1991)); *cf. with S. Elec. Ret. Fund v. Gibson*, No.

---

[2] The record before the Court does not include such trust documents.

3:04-0022, 2006 WL 561320, at *3 (M.D. Tenn. Mar. 6, 2006) and *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly Inc.*, 389 F. Supp. 2d 1222, 1227 (N.D. Cal. 2005).  Therefore, pursuant to section 1132(g)(2)(C)(i) and (ii), Plaintiffs are entitled to either the interest on unpaid contributions or a liquidated damages award—as provided for in the trust documents—not to exceed 20 percent of unpaid contributions.[3]  Plaintiffs, however, have not demonstrated that pertinent trust documents in this matter authorize a liquidated damage award in their favor.  Accordingly, their request for liquidated damages will be denied.[4]  A Judgment consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>     May 9, 2006 |  /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[3] Plaintiffs apparently elected to request liquidated damages in lieu of the interest on Defendant's unpaid contributions.

[4] If Plaintiffs are entitled to an award of liquidated damages under the terms of the trust documents, they are invited to submit such supporting materials evidencing the same and move for relief from this Court's Judgment under Federal Rule of Civil Procedure 60(b).